IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JERRY LEE EDWARDS             §
    TDCJ-CID #1517053          §
v.                            §          C.A. NO. C-09-147
                              §
WARDEN KUKUA, ET AL.          §

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT DEFENDANT'S SECOND MOTION TO DISMISS**

This is a state prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.

Pending is Defendant's second motion to dismiss for failure to state a claim.  (D.E.

59).  For the reasons stated herein, it is respectfully recommended that Defendant's

second motion to dismiss be granted, and that Plaintiff's action be dismissed with

prejudice.

## I.  JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

## II.  PROCEDURAL HISTORY

Plaintiff is an inmate in the Texas Department of Criminal Justice ("TDCJ"),

Correctional Institutions Division, and is currently confined at the Stiles Unit in

Beaumont, Texas.  (D.E. 1).  He filed this action on June 19, 2009, alleging that,

while at the Garza Transfer Facility, in Beeville, Texas, he was improperly

prescribed a medication for depression that triggered a severe rash and other health

problems, and that his subsequent skin condition was mistreated by a number of prison and medical personnel.  Id.  He named seven defendants: (1) Warden Kukua; (2) Assistant Warden Garza; (3) Major Hernandez; (4) Lieutenant Garcia; (5) Dr. Herrera; (6) Physician's Assistant ("PA") Moxin; and (7) Dr. Shivani Myer. Id.  Following an August 13, 2009 Spears[1] hearing, Plaintiff's claims against the security officials, Warden Kukua, Assistant Warden Garza, Major Hernandez, and Lieutenant Garcia, were dismissed, while his claims against the medical personnel, Dr. Herrera, Dr. Myer, and PA Moxin, were retained.  (D.E. 16, 21).

Plaintiff's claims against Dr. Herrera and Dr. Myer were later dismissed on grounds of qualified immunity.  (D.E. 38, 55).  On May 4, 2010, Defendant Moxin filed a motion to dismiss the complaint for failure to state a claim and, in the alternative, a motion for a more definite statement.  (D.E. 43).  The motion for a more definite statement was granted.  (D.E. 54).  After Plaintiff filed an amended complaint, (D.E. 57), Defendant filed a second motion to dismiss for failure to state a claim.  (D.E. 59).

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at a Spears hearing is incorporated into the pleadings).

### III.  FACTUAL ALLEGATIONS

In August 2008, Plaintiff developed a skin rash over his entire body while the unit was on lock-down.  Nurse Mendez gave him an injection of "Engerix B," the Hepatitis B vaccine.  On October 6, 2008, Plaintiff returned to the infirmary, where PA Moxin and Dr. Herrera prescribed Triamcinolone cream for the rash.  At the time, he was also taking Tegretol,[2] prescribed by Dr. Myer for his depression.

Plaintiff began suffering serious symptoms.  His body swelled and his skin began to crack and turn red.  His skin began to fall off, as if he had third degree burns.  He repeatedly returned to the infirmary for assistance; however, Dr. Herrera, Dr. Myer, and PA Moxin were not able to make a diagnosis of his condition.  They instructed Plaintiff to continue on both Triamcinolone cream and Tegretol.

By November 2008, Plaintiff had lost a substantial amount of weight because his throat was swollen shut.  In addition, his eyes were swollen shut and he could not see.  Plaintiff was unable to work.

On December 5, 2008, while on the way to the infirmary, Plaintiff passed out.  He was found unconscious in the hallway, and was taken to the emergency

---

[2] Tegretol carries a warning that it can cause "serious and sometimes fatal dermatological reactions...." See http://www.rxlist.com/tegretol-drug.htm (last visited Sept. 17, 2010).

3

room at Spohn Hospital in Beeville.  His face was swollen to three times its size, and his body was sore, with the skin appearing burned.  He was discharged and returned to the Garza Unit.

On December 7, 2008, Plaintiff was transported to John Sealy Hospital.  The John Sealy doctors recommended that he be transferred to a medical unit and he was sent to the Telford Unit.  At the Telford Unit, the doctor did blood work and concluded that the combination of Tegretol and Triamcinolone cream had caused a chemical imbalance.

Plaintiff contends that Defendant improperly diagnosed him and prescribed him medication that exacerbated his skin condition.  (D.E. 1, at 3).  Specifically, he alleges that Defendant failed to review his medical history.  (D.E. 57, at 2).  He further claims that Defendant improperly ignored his supervising doctor's order to perform blood work to determine whether he was suffering from an allergic reaction to one of his medications.  Id. at 3.  Similarly, Plaintiff argues that Defendant breached a duty to ascertain the cause of his rash before prescribing other medications.  Id. at 4.  Finally, he asserts that Defendant insulted him during the course of treatment, thereby betraying his "culpable state of mind."  (D.E. 61, at 5).

4

## IV.  DISCUSSION

**A.     Motion To Dismiss Standard Of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law.  Fed. R. Civ. P. 12(b)(6); <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989) (citations omitted).  When ruling on a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff.   <u>Capital Parks, Inc. v. Se. Adver. & Sales Sys. Inc.</u>, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); <u>Cinel v. Connick</u>, 15 F.3d 1338, 1341 (5th Cir. 1994).  Indeed, a court should not look beyond the pleadings.  <u>McCartney v. First City Bank</u>, 970 F.2d 45, 47 (5th Cir. 1992).

A motion to dismiss pursuant to Rule 12(b)(6) tests the formal sufficiency of the statement of a claim for relief.  It is not a procedure for resolving disputes about the facts or merits of a case.  The Supreme Court recently reiterated the stringent standards that defendants must overcome to obtain such a dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,... a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....  Factual allegations must be enough to raise a right to relief above the speculative level,... on the ASSUMPTION THAT ALL THE

5

allegations in the complaint are true (even if doubtful in fact)....

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted) (capitalization in original).  In other words, the claim to relief must be plausible, rather than just conceivable.  Id. at 570.

Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  Moreover, a "court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts to' save a complaint." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).  In addition, "conclusory allegations ... masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Id. (citation omitted).

**B.      Deliberate Indifference In Prison Medical Care.**

During the relevant time period, Defendant was a private contractor working for Texas.  (D.E. 25, at 1).  For purposes of a § 1983 action a private contractor's conduct is considered the State's conduct where there is "a sufficiently close nexus between the State and *the challenged action* of the" private actor.  Cornish v. Corr. Servs. Corp., 402 F.3d 545, 550 (5th Cir. 2005) (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)) (emphasis added in Cornish).  In determining whether a defendant is a state actor, a court also considers whether the function he performed is "traditionally the exclusive prerogative of the State."  Jackson v. Metro. Edison

Co., 419 U.S. 345, 353 (1974).  Here, the challenged actions relate to medical care

provided to a prisoner, an area sufficiently close to, and traditionally reserved for,

the State.  Thus, Defendant is a state actor pursuant to § 1983.  See generally

Anderson v. Dallas Cnty. Tex., 286 F. App'x 850, 859 (5th Cir. 2008) (per curiam)

(unpublished) (assuming that physician's assistants employed by private hospital

performing services for state inmates are state actors in § 1983 action).

      The Eighth Amendment imposes a duty on prison officials to "provide

humane conditions of confinement; prison officials must ensure that inmates

receive adequate food, clothing, shelter, and medical care, and must 'take

reasonable measures to guarantee the safety of the inmates.'"  Farmer v. Brennan,

511 U.S. 825, 832 (1994) (internal quotation omitted).  A prison official violates

this duty when by act or omission he is deliberately indifferent to prison conditions

which pose a substantial risk of serious harm.  Id. at 834.

      In order to state a § 1983 claim for denial of adequate medical treatment, a

prisoner must allege that the official acted with deliberate indifference to serious

medical needs.  Wilson v. Seiter, 501 U.S. 294, 303 (1991); Estelle v. Gamble, 429

U.S. 97, 104-05 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)

(citations omitted).  Deliberate indifference encompasses more than mere

negligence on the part of prison officials.  Farmer, 511 U.S. at 837.  It requires that

7

prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and that the prison official, perceiving the risk, must deliberately fail to act. Id.

Furthermore, "negligent medical care does not constitute a valid section 1983 claim." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action."), abrogated on other grounds by Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994). As long as medical personnel exercise professional judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).

Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321. "Deliberate indifference is an extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

8

1.   **Defendant's alleged improper diagnosis and prescription fails to state a claim.**

Plaintiff contends that Defendant improperly diagnosed him, or improperly perpetuated an incorrect diagnosis, and prescribed him inappropriate medication. (D.E. 57, at 3).  He argues that Defendant's failure to adequately review his medical history and condition led him to prescribe the wrong drug, which reacted badly with the medication he was already taking and exacerbated his suffering.  Id. Defendant responds that if any such failures took place they were inadvertent and thus constitute negligence at most.  (D.E. 59, at 6).

The Fifth Circuit has explained "that the facts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction."  Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (emphasis in original) (citation omitted).  "The legal conclusion of 'deliberate indifference' ... must rest on facts clearly evincing 'wanton' actions on the part of the defendants."  Id.

An incorrect diagnosis does not state an Eighth Amendment claim because the deliberate indifference standard has not been met.  Domino, 239 F.3d at 755 (citation omitted).  To the extent that Plaintiff challenges Defendant's diagnosis, he fails to state a claim for relief pursuant to § 1983.

Furthermore, Plaintiff's allegations do not make clear how a review of his

medical history would have alerted Defendant to the risk he was exposed to when he was previously prescribed Tegretol. Nor does Plaintiff's complaint indicate why Defendant should not have prescribed the Triamcinolone cream that he blames for aggravating his skin condition. He merely quotes a warning regarding Tegretol's risks, which appears primarily concerned with dangers to people of Asian descent. (D.E. 57, at 2). Indeed, to the extent that Plaintiff challenges Defendant for his purported failure to obey his medical superiors he cannot then also accuse Defendant of deliberate indifference for relying upon doctors with more advanced degrees and more experience in trusting their diagnoses and prescriptions. Defendant's decision to rely upon that diagnosis, and to prescribe medication accordingly, was an exercise of professional medical judgment and thus did not expose him to § 1983 liability. See Youngberg, 457 U.S. at 322-23.

Finally, Plaintiff's allegation that Defendant did not review his medical history is insufficient to establish deliberate indifference. In Stewart, a doctor treated an inmate for decubitus ulcers in which he provided care including regularly seeing the inmate. 174 F.3d at 535. However, the record established that the doctor failed to read notes prepared by the inmate's nurses and thus did not learn about or treat an infection that he had. Id. at 535-36. The Fifth Circuit concluded that the doctor had not acted with deliberate indifference, but at most his

10

actions might constitute negligence.  Id.; see also Kirby v. Johnson, 243 F. App'x 877, 879 (5th Cir. 2007) (per curiam) (unpublished) (discontinuation of psychiatric medication "abruptly without sufficient examination of [the inmate's] medical records" did not constitute deliberate indifference) (citing Varnado, 920 F.2d at 321).

Other courts have similarly determined that a failure by medical providers to review inmate's medical records does not constitute deliberate indifference.  See, e.g., Williams v. O'Leary, 55 F.3d 320, 324 (7th Cir. 1995) (doctor's failure to carefully review the inmate's medical history was not deliberate indifference, but at most negligence); Williams v. Guzman, 346 F. App'x 102, 105 (7th Cir. 2009) (per curiam) (unpublished) ("failure to review the nurse's note is at most negligence, which is insufficient to establish deliberate indifference"); Gillespie v. Hogan, 182 F. App'x 103, 105 (3d Cir. 2006) (per curiam) (unpublished) ("a physician's failure to review ... a patient's medical history may be negligence, but it is not deliberate indifference"); Cable v. Schriro, No. CV 08-1618, 2010 WL 1729124, at *11 (D. Ariz. Apr. 27, 2010) (unpublished) (doctor's "failing to review Plaintiff's ... medical record, which would have notified her to the Hydrocodone prescription" did not constitute deliberate indifference); Sanks v. Williams, No. CV407-070, 2007 WL 3254368, at *3 (S.D. Ga. Nov. 2, 2007) (unpublished)

("nurse's alleged failure to consult [the plaintiff's] medical records constitutes, at best, mere negligence"); <u>Key v. Brewington-Carr</u>, No. Civ.A. 98-152, 2000 WL 1346688, at *11 n.6 (D. Del. Sept. 6, 2000) (unpublished) ("the failure to review a patient's medical charge is generally considered to be at most negligent and, thus, does not usually give rise to a finding of liability under Section 1983").

In <u>Hemingway v. Falor</u>, the Third Circuit analyzed a situation similar to that presented in this action: whether a physician assistant's failure to review an inmate's medical records prior to prescribing medication that was a contraindicated drug in light of the inmate's liver condition constituted deliberate indifference. 200 F. App'x 86, 90 (3d Cir. 2006) (per curiam) (unpublished).  After taking the prescribed medicine, the inmate experienced "severe pain and discomfort, culminating in an incident ... in which he suffered from internal bleeding, liver and side pain as well as blood flow from the mouth...."  <u>Id.</u>  Nonetheless, the Third Circuit affirmed the district court finding that "[a]t most this failure to review [the inmate's] medical records constituted negligence on the part of [the physician's assistant] and does not state an Eighth Amendment claim."  <u>Id.</u> (citation omitted).

Accordingly, it is respectfully recommended that Plaintiff's challenge to Defendant's alleged improper diagnosis and prescription does not state a claim for relief pursuant to § 1983.

2.    **Defendant's alleged refusal to conduct testing fails to state a claim.**

Plaintiff argues that Defendant refused to perform blood work that would have discovered his allergy to Tegretol, and thus would have hastened his recovery.  (D.E. 57, at 3).  He maintains that this testing was ordered by Dr. Herrera, and that Defendant's failure to follow the doctor's instructions constitutes deliberate indifference.  Id.  Defendant claims that medical decisions not to take particular measures are not susceptible to § 1983 actions.  (D.E. 59, at 7).

A disagreement with the level and type of treatment is not actionable under the Eighth Amendment.  See Estelle, 429 U.S. at 107; Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) (per curiam); Young v. Gray, 560 F.2d 201 (5th Cir. 1977) (per curiam).  A "plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"  Domino, 239 F.3d at 756 (quoting Treen, 759 F.2d at 1238).

Plaintiff does not allege that Defendant refused to treat him or ignored his complaints, but rather that he provided faulty care.  Indeed, he concedes that Defendant treated him routinely during the relevant period.  (D.E. 57, at 2).  His complaint is thus largely focused on expressing retrospective disagreement with

13

the specific measures taken by Defendant.  Such disagreements do not state a claim of deliberate indifference.  <u>Estelle</u>, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.").

Defendant's refusal to conduct the blood testing does not rise to the level of "unnecessary and wanton infliction of pain" required of Eighth Amendment violations in the context of prison medical care.  <u>Estelle</u>, 429 U.S. at 105-06.  At most, that omission represented negligence or malpractice, neither of which are sufficient to state a § 1983 claim.  <u>See</u>, <u>e.g.</u>, <u>id.</u> at 107; <u>Stewart</u>, 174 F.3d at 534. The failure to do the blood work was thus insufficient to create liability for deliberate indifference.

Accordingly, it is respectfully recommended that Plaintiff's challenge to Defendant's alleged refusal to conduct testing does not state a claim for relief pursuant to § 1983.

### 3.      Defendant's alleged insulting comments fail to state a claim.

Plaintiff claims that Defendant employed abusive and insulting language to him during the course of treatment.  (D.E. 61, at 5).  He emphasizes in particular Defendant's assertion that Plaintiff would recover "when mules fly."  <u>Id.</u> Accepting Plaintiff's pleadings as true, Defendant's comment was an insensitive

and unprofessional remark delivered to a patient experiencing tremendous pain and suffering.  It does not, however, rise to the "extremely high standard" required of deliberate indifference claims.  <u>Domino</u>, 239 F.3d at 756.  Indeed, verbal abuse is not actionable pursuant to § 1983.  <u>Bender v. Brumley</u>, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (citation omitted).

Accordingly, it is respectfully recommended that Plaintiff's challenge to Defendant's alleged insulting comments does not state a claim for relief pursuant to § 1983.

## V.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Defendant's second motion to dismiss for failure to state a claim, (D.E. 59), be granted, and that Plaintiff's action be dismissed with prejudice.

Respectfully submitted this 24th day of September 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

16